**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUL 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLOTTE SURVINE, as Guardian ad Litem for Alisande Cherise and Sean D. Millet,

Plaintiffs - Appellants,

v.

MICHAEL COTTLE, Officer; DAVID COX, Officer; CITY OF BAKERSFIELD, California; DOES 1-20, inclusive,

Defendants - Appellees.

No. 13-15900

D.C. No. 1:12-cv-01453-LJO-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 7, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs appeal from the district court's judgment dismissing their 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015), we affirm.

Plaintiffs argue that the district court erred by concluding they failed to allege an injury arising out of an allegedly false police report detailing a car-pedestrian accident. Plaintiffs contend that they relied on the allegedly false police report when evaluating their claims in the underlying personal injury action and therefore accepted an unreasonably low settlement offer. However, even assuming that plaintiffs sufficiently alleged injury, they still fail to state a § 1983 claim.[1]

1.      "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Here, the only facts plaintiffs plead in support of their Equal Protection claim is their own race and the race of the driver. These facts are

---

[1] Because plaintiffs-appellants' opening brief failed to address the district court's determination that Survine's son, Sean Millet, lacked standing as a bystander to the accident, they have waived the issue. *See Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1229–30 (9th Cir. 2008).

not enough to support an inference of discriminatory intent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681–82 (2009).

2.      To have a property interest protected by the Due Process Clause, "'a person clearly must have more than an abstract need or desire.'  A mere 'unilateral expectation' of a benefit or privilege is insufficient; the plaintiff must 'have a legitimate claim of entitlement to it.'"  *Nunez v. City of L.A.*, 147 F.3d 867, 872 (9th Cir. 1998) (internal citation omitted) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  Although plaintiffs believe they should have recovered more money in their settlement of their personal injury lawsuit, they allege nothing that creates a legitimate entitlement to that recovery.  Plaintiffs' projection of what they could have recovered, absent the police report, is just an "expectation" or "abstract desire."  *See Roth*, 408 U.S. at 577; *see also Nunez*, 147 F.3d at 872–73.

3.      The insufficiency of plaintiffs' Equal Protection and Due Process allegations "precludes a conspiracy claim predicated upon the same allegations."  *See Cassettari v. Nev. Cty.*, 824 F.2d 735, 739 (9th Cir. 1987).

**AFFIRMED.**